[L. A. No. 18743. In Bank. Dec. 7, 1943.]

CAROL ANN BROWN, a Minor, etc., et al., Respondents, v. GEORGE PEPPERDINE FOUNDATION (a Corporation), Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and White McGee, Jr., for Appellant.

W. I. Gilbert, Jr., for Respondents.

GIBSON, C. J.—Carol Ann Brown, a minor, and her mother, Minnie Lee Brown, sued defendants George Pepperdine Foundation and Oliver & Williams Company for damages resulting from personal injuries received by the minor. The jury returned a verdict for the defendants, and the court granted plaintiffs' motion for a new trial. George Pepperdine Foundation alone appealed from the order granting the new trial.

Carol Ann, a five-year-old girl, was injured by a fall down the elevator shaft in an apartment building, owned by appellant, in which she and her mother were living. The codefendant, Oliver & Williams Company, was in the business of elevator maintenance and had a contract with appellant for the weekly inspection of the elevator, which was operated by the passengers using it.

Mrs. Brown testified that she left her apartment on the third floor with her brother and Carol Ann, intending to use the elevator which was located on an intersecting hallway. Carol Ann ran ahead, and when Mrs. Brown was 10 or 15

feet distant from the elevator she saw Carol Ann push the elevator button and pull the outer door open. When the door opened into the hallway it was between Carol Ann and her mother, and although she could not say she saw the child fall directly into the shaft, the mother testified that she did see Carol Ann lean forward and disappear "as if she just leaped forward." When Mrs. Brown reached the door it would not open. She pushed the button and the elevator containing two passengers came down from the fourth floor to the third floor where it was held by the occupants until Carol Ann was rescued from the bottom of the shaft. Plaintiffs relied upon this evidence and the doctrine of res ipsa loquitur to establish the negligence of defendants.

Witnesses for the defendants testified that the elevator had been regularly inspected and serviced weekly, and that it was examined immediately after the accident and found to be working properly. Experts stated that the type of lock used to fasten the outer door was so designed that the door could not be opened unless the elevator car was at the level of that floor, and that they had never known this type of lock to fail even though the electrical current was cut off. They also testified that if the elevator was stopped at a certain point between floors, and the inner folding door opened, it was possible for a small child to crawl from the car into the shaft. Based upon such evidence it is appellant's theory that the accident occurred in this manner.

A new trial was granted upon the sole ground of errors of law occurring in the instructions. Appellant asserts that no error was committed and that the jury, having been fully and correctly instructed on all phases of the case, the order granting a new trial should be reversed.

■ The court, at the request of appellant, told the jury in two separate instructions (Nos. 49 and 56) that the negligence of the codefendant Oliver & Williams Company could not be imputed to appellant. In our opinion these instructions are erroneous. A landlord cannot escape liability for failure to maintain elevators in a safe condition by delegating such duty to an independent contractor. (*Tippecanoe Loan & T. Co.* v. *Jester,* 180 Ind. 357 [101 N.E. 915, L.R.A. 1915E 721]; 32 Am.Jur. 617, sec. 740; see, also, *Hussey* v. *Long Dock R. Co.,* 100 N.J.L. 380 [126 A. 314]; *Cramblitt* v. *Percival-Porter Co.,* 176 Iowa 733 [158 N.W. 541, L.R.A.

1917C 77]; *Gobrecht* v. *Beckwith*, 82 N.H. 415 [135 A. 20, 52 A.L.R. 858].) The general rule is set forth in the Restatement of the Law of Torts, Negligence, page 1138, section 422, as follows: ''The duty which a possessor of land owes to others to put and maintain it in reasonably safe condition is nondelegable. If an independent contractor, no matter how carefully selected, is employed to perform it, the possessor is answerable for harm caused by the negligent failure of his contractor to put or maintain the buildings and structures in reasonably safe condition, irrespective of whether the contractor's negligence lies in his `incompetence, carelessness, inattention or delay.''

 Appellant argues, however, that even though instructions Nos. 49 and 56 are erroneous they could not have been prejudicial in this case since by its verdict in favor of Oliver & Williams Company, the jury impliedly found that the independent contractor was not negligent and consequently there was no negligence to impute. In considering the propriety of the court's action in granting a new trial we are to be governed, however, not alone by the error in instructions Nos. 49 and 56 but by the cumulative effect of all errors, conflicts and confusion that appear in the charge as a whole.

At the request of appellant the court gave instruction (No. 46) as follows: ''If you find that the elevator in question and all of the appliances appurtenant thereto were of a standard make in wide use in this locality under similar conditions, that it was in daily use, that neither the defendant George Pepperdine Foundation nor any of its agents or employees had any notice of any defect therein, nor any reason to suspect the same, that the George Pepperdine Foundation exercised the care required of it by employing the services of the defendant Oliver & Williams to inspect and service the said elevator, that the said defendant Oliver & Williams was, so far as it was possible for the defendant George Pepperdine Foundation to ascertain by the use of the care required of it, competent and experienced elevator maintenance men, and that the said defendant Oliver & Williams did in fact make regular inspection of the said elevator at intervals which were sufficiently frequent to be consistent with such care on the part of the defendant George Pepperdine Foundation, then you are instructed that, as a matter of law, the defendant George Pepperdine Foundation would not be liable in this action and you must return a verdict in its favor

even though you find that the accident occurred exactly as claimed by the plaintiffs.''

■ This formula instruction directs the jury to find for appellant if it had no notice of any defect in the elevator nor reason to suspect the same, and if appellant used the care required of it in employing the services of Oliver & Williams Company to inspect the elevator, and if Oliver & Williams Company made regular inspections which were sufficiently frequent to be consistent with such care on the part of appellant. The instruction does not purport to relieve appellant of responsibility for any negligence of the independent contractor as in instructions Nos. 49 and 56, but it assumes to declare the entire duty owed by appellant, and in so doing it omits an important element. It directs the jury to find for appellant if regular and frequent inspections were made but fails to require the exercise of due care in making such inspections. ■ An owner is bound to use the utmost care and diligence in the maintenance of elevators. (*Treadwell* v. *Whittier*, 80 Cal. 574, 591 [22 P. 266, 13 Am. St.Rep. 175, 5 L.R.A. 498]; *Gregg* v. *Manufacturers Bldg. Corp.*, 134 Cal.App. 147, 152 [25 P.2d 43, 1014]; 18 Am.Jur. 531, sec. 13.) In the fulfillment of this obligation something more than regular and frequent inspections is required. Perfunctory inspections, although regularly and frequently made, would not meet the obligation appellant owed to respondents. In order to fulfill the duty imposed upon it by law appellant was required to use due care in servicing, inspecting and maintaining the elevator and all the appliances appurtenant thereto. The instruction erroneously failed to include this requirement.

■ The court, at the request of appellant, instructed the jury (No. 63) that ''The mere fact that an accident happened, considered alone, does not support an inference that some party or any party to this action was negligent.'' Appellant claims that this instruction is not error because the doctrine of res ipsa loquitur does not apply unless the basic requisites of exclusive control and probability of negligence exist. Under appellant's theory of how the accident occurred the instruction is not erroneous when considered with certain other instructions. It may have confused the jury, however, in view of instruction No. 30 which states that ''The inference of the negligence which you may draw in this case *from the fact of the happening of the accident itself* shifts the burden

to the defendants of explaining the manner in which the accident happened. . . ." (Italics added.) These two instructions contain inconsistent ideas and the jury may have been confused thereby.

■ It also appears that certain instructions were reread and the jury told to disregard them and then told not to disregard one which was again reread. It is, of course, not error for a court to correct its mistakes. But in passing upon the motion for new trial, the court probably concluded that instead of clarifying the instructions it further confused and misled the jury in attempting to correct the mistakes.

■ The trial court, no less than the appellate court, is expressly enjoined by article VI, section 4½, of our Constitution to deny a new trial for error of law unless such error is prejudicial. If it is clear that the error could not have affected the result of the trial, the court is bound to deny the motion. But if the error can possibly have been prejudicial, the trial court must consider its probable effect and decide the motion accordingly. ■ The trial court here has determined that the errors in the instructions prejudiced respondents' cause, and we cannot say in the light of the record that the trial court was in error in so holding.

The order granting a new trial is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.