[No. B066713. Second Dist., Div. Three. Oct. 6, 1992.]

MORRIS RASHTIAN, Plaintiff and Respondent, v.
BRAC-BH, INC., Defendant and Appellant.

**COUNSEL**

Nelson, Sheenan, Del Tondo & Guggenheim and Joseph J. Sheehan for Defendant and Appellant.

Ronald A. Hecker and Eric Chomsky for Plaintiff and Respondent.

## OPINION

**CROSKEY, J.**—This case was certified to us by the Appellate Department of the Superior Court of Los Angeles County and we ordered it transferred to this court for the purpose of settling an important question of law and securing uniformity of decision, in the trial courts, on that question. (Cal. Rules of Court, rule 63.) The issue we address here is whether Proposition 51 (Civ. Code, § 1431.1 et seq.), which was passed by the voters in 1986 and which modified the concept of joint and several liability, as applied to noneconomic damages in certain civil actions, is applicable to the liability which is imposed on the owner of a motor vehicle, under Vehicle Code section 17150, when an operator of that vehicle, who is using it with the owner's implied or express permission, causes damages to another and the owner is without fault in the matter. We conclude that the provisions of Proposition 51 do not operate to reduce the liability of vehicle owners imposed by Vehicle Code section 17150. We therefore affirm the judgment of the trial court.

### PROCEDURAL AND FACTUAL BACKGROUND

In May 1990, plaintiff Morris Rashtian (plaintiff) filed an action in the Los Angeles Municipal Court for personal injuries he sustained in a vehicle accident. Named as defendants were BRAC-BH, doing business as Budget Rent A Car (Budget) and Omar Restrepo (Restrepo). The complaint alleges that Budget is the owner of a certain automobile, that Restrepo was negligently operating that automobile at the time of the accident and that Restrepo's negligence caused plaintiff injuries. Plaintiff prayed for general and special damages.[1]

The case was tried to the court and the trial court found that the automobile owned by Budget had been driven negligently, that said negligent operation of the car was the proximate cause of plaintiff's injuries and that plaintiff was not negligent in the operation of the vehicle he was driving. The court also found that the driver of Budget's car was operating it with Budget's implied permission and that therefore, Budget was jointly and severally liable for the driver's negligent operation of the car, citing Vehicle Code section 17150's provision for owner liability.[2]

The court determined that plaintiff incurred medical costs of $3,660, and suffered (1) property damage amounting to $977.96, (2) loss of earnings

---

[1]For reasons not disclosed by the record, Restrepo was never served.

[2]Vehicle Code section 17150 states: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

amounting to $648, and (3) general damages for pain and suffering amounting to $5,500. Plaintiff was awarded a judgment against Budget in the amount of $10,835.96, plus costs of suit.

Budget filed an appeal with the superior court. ■ One of the issues raised by Budget in that appeal, and the sole issue raised by Budget in its request for certification to this court, is whether Civil Code section 1431.2's prohibition against joint liability for noneconomic damages is applicable to Vehicle Code section 17150's provisions for the liability of owners of vehicles which are being driven with the owner's express or implied permission.

The appellate department of the superior court concluded that because an owner's liability under Vehicle Code section 17150 is not predicated on fault, but rather on simple ownership of the offending vehicle, then Civil Code section 1431.2 cannot be used to alter that liability as to the plaintiff's noneconomic damages since section 1431.2 specifically addresses "any action for personal injury, property damage, or wrongful death, *based upon principles of comparative fault.*" (Civ. Code, § 1431.2, subd. (a), italics added.)[3] The lower court asserted that section 1431.2's use of the words "based upon principles of comparative fault" effectively limited the application of section 1431.2 to those cases where the defendant's responsibility was predicated on the principle of fault, rather than imposed by statute as is the case here.

## DISCUSSION

### 1. *Joint and Several Liability Under California Law*

"California's system of 'comparative fault' seeks to distribute tort damages proportionately among all who caused the harm. However, even after judicial adoption of the comparative fault system, every culpable tort defendant, regardless of his or her degree of fault, remained 'jointly and severally'

---

[3]Civil Code section 1431.2 states:

"(a) In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

"(b)(1) For purposes of this section, the term 'economic damages' means objectively verifiable monetary losses including medical expenses, loss of earnings, burial costs, loss of use of property, costs of repair or replacement, costs of obtaining substitute domestic services, loss of employment and loss of business or employment opportunities.

"(2) For the purposes of this section, the term 'non-economic damages' means subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation."

liable to pay any damages attributable to the fault of others who failed to contribute their proportionate share. This rule of joint and several liability applied not only to the injured person's 'economic' damages, such as medical costs and lost earnings, but to 'non-economic' damages like emotional distress, pain, and suffering." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 595 [7 Cal.Rptr.2d 238, 828 P.2d 140].)

■ In 1986, this system of joint and several liability was modified by the passage of Proposition 51, which, among other things, added section 1431.2 to the Civil Code.[4] Under section 1431.2, in personal injury, property damage and wrongful death actions, a defendant's responsibility for the plaintiff's noneconomic damages is no longer joint and several. It is several only. "Each defendant shall be liable only for the amount of noneconomic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." (Civ. Code, § 1431.2, subd. (a).) Thus, section 1431.2 first eliminates joint and several liability for noneconomic damages and then focuses on what each defendant will pay, i.e., focuses on his percentage of fault.

■ However, in our view the application of this rule necessarily requires independently acting tortfeasors who have some fault to compare. It can not, as a matter of logic or common sense, be applied to those who are without fault and only have vicarious liability by virtue of some statutory fiat.

---

[4]The purpose and intent behind Proposition 51 is set forth in the legislative findings contained in Civil Code section 1431.1.

"The People of the State of California find and declare as follows: [¶] (a) *The legal doctrine of joint and several liability*, also known as the 'deep pocket rule', has resulted in a system of inequity and injustice that has threatened financial bankruptcy of local governments, other public agencies, private individuals and businesses and has resulted in higher prices for goods and services to the public and in higher taxes to the taxpayers. [¶] (b) Some governmental and private defendants are perceived to have substantial financial resources or insurance coverage and have thus been included in lawsuits even though there was little or no basis for finding them at fault. *Under joint and several liability*, if they are found to share even a fraction of the fault, they often are held financially liable for all the damage. The People—taxpayers and consumers alike—ultimately pay for these lawsuits in the form of higher taxes, higher prices and higher insurance premiums. [¶] (c) Local governments have been forced to curtail some essential police, fire and other protections because of the soaring costs of lawsuits and insurance premiums. [¶] Therefore, the People of the State of California declare that to remedy these inequities, defendants in tort actions shall be held financially liable in closer proportion to their degree of fault. To treat them differently is unfair and inequitable. [¶] The People of the State of California further declare that reforms in the liability laws in tort actions are necessary and proper to avoid catastrophic economic consequences for state and local governmental bodies as well as private individuals and businesses." (Italics added.)

## 2. *Owner Liability Under the Vehicle Code*

■  Vehicle Code section 17150 makes an owner of a motor vehicle liable for injuries caused by another's negligent operation of that vehicle if the person so operating the vehicle is operating it with the owner's express or implied permission. Under section 17150, such an owner becomes liable even though he is without fault in causing the accident. Moreover, no fault is even imputed to him; in 1967, section 17150 was amended to, among other things, delete the words "and the negligence of such person [the permissive operator of the vehicle] shall be imputed to the owner for all purposes of civil damages." (*Hertz Corp.* v. *Pippin* (1974) 38 Cal.App.3d 796, 799 [113 Cal.Rptr. 698].) The owner's liability is limited in its dollar amount by Vehicle Code section 17151[5] if, as here, there is no agency relationship between the owner and the operator.[6]

The owner and the operator of the vehicle are not joint tortfeasors in the traditional sense since the owner's liability is not due to active or passive participation in the negligence alleged by the plaintiff in the complaint. While the owner may be a joint tortfeasor by reason of the vicarious liability which is statutorily imposed, he is not an *independent* tortfeasor. (*Dow* v. *Britt* (1974) 37 Cal.App.3d 868, 871 [112 Cal.Rptr. 710].)

The liability of the owner imposed by Vehicle Code section 17150 is primary and direct as far as the injured third party is concerned. However, as between the owner and the operator such liability is secondary. This conclusion flows from the provisions of Vehicle Code sections 17152 and 17153.[7] (*Heves* v. *Kershaw* (1961) 198 Cal.App.2d 340, 344 [17 Cal.Rptr. 837].) Because an owner's liability is secondary to that of the operator, the owner

---

[5]Vehicle Code section 17151, subdivision (a), provides in pertinent part:

"The liability of an owner . . . imposed by this chapter and not arising through the relationship of principal and agent or master and servant is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident . . . ."

[6]Where the permissive user is also the agent or employee of the vehicle owner, then there is no liability cap. In other words, the normal liability consequences of respondeat superior flow and the owner is fully liable for the permissive user's negligence as though it were imputed to him. In *Miller* v. *Stouffer, ante,* page 70 [11 Cal.Rptr.2d 454], we held that the imputation of an employee's negligence to the principal under the doctrine of respondeat superior does not create joint tortfeasor liability between them for the purposes of Proposition 51 so as to shield the vicariously liable principal from responsibility for a plaintiff's noneconomic damages.

[7]Section 17152 provides:

"In any action against an owner . . . on account of liability imposed by [section] 17150 . . . for the negligent or wrongful act or omission of the operator of a vehicle, the operator shall be made a party defendant if service of process can be made in a manner sufficient to

essentially serves as a *guarantor* of their joint liability. (*Lindgren* v. *Baker Engineering Corp.* (1988) 197 Cal.App.3d 1351, 1354 [243 Cal.Rptr. 476].) Thus, where the operator settles the claim of the injured third party for a sum equal to, or in excess of the amount of the owner's statutory liability, the owner's obligation is discharged. (*Ibid.*; *Fenley* v. *Kristoffersen* (1979) 94 Cal.App.3d 139, 141 [156 Cal.Rptr. 187].)[8]

The relevant conclusion which we draw from these cases and statutory provisions is that Budget was a joint tortfeasor, up to the amount of $15,000, but was not an independent actor or tortfeasor for whom any liability existed apart from that statutorily imposed by the Vehicle Code. No basis for its liability existed apart from the negligence or fault of its rental customer, Restrepo. As we explain, this circumstance is critical to Budget's argument regarding the application of Civil Code section 1431.2.

3. *Proposition 51 Has No Application to a Defendant Upon Whom Vicarious Liability Is Statutorily Imposed*

As already noted, we recently held, in *Miller* v. *Stouffer, supra, ante,* at page 70, that an employer, while directly liable to the injured third party under the doctrine of respondeat superior, is not a joint, concurrent or successive tortfeasor within the contemplation of the doctrine of joint and several liability. "Rather, [the employee's] negligence is imputed to her employer pursuant to the doctrine of respondeat superior. Thus, [the employer] stands in [the employee's] shoes and the entire liability of these two defendants toward [the plaintiff] is co-extensive." (*Id.* at p. 84.) We concluded that the vicariously liable employer was not entitled to the benefit of Proposition 51 so as to avoid liability for noneconomic damages for which the employee was liable. We noted the obvious and practical consequence of a contrary rule. An injured party would be limited to recovering the noneconomic damages only from the negligent employee who, in many cases, would have little in the way of assets. Such result would leave victims "uncompensated while employers would be able to avoid much of the risk incident to their enterprise." (*Miller* v. *Stouffer, supra, ante,* pp. 70, 84.)

---

secure personal jurisdiction over the operator. Upon recovery of judgment, recourse shall first be had against the property of the operator so served."

Section 17153 provides:

"If there is recovery under this chapter against an owner, bailee of an owner, or personal representative of a decedent, the owner, bailee of an owner, or personal representative of a decedent is subrogated to all the rights of the person injured or whose property has been injured and may recover from the operator the total amount of any judgment and costs recovered against the owner, bailee of an owner, or personal representative of a decedent."

[8]The same analysis applies to the statutory liability imposed for the wrongful acts or omissions of a minor driver upon (1) the party who signed and verified the minor's application for a driving license (Veh. Code, § 17707) or (2) a parent or guardian who gave express or implied permission for the minor to operate a vehicle on a highway (Veh. Code, § 17708). (*Dow* v. *Britt, supra,* 37 Cal.App.3d at pp. 871-873.)

. We see no reason for a different result here. However, the critical factor in our analysis is not the presence of imputed negligence under the respondeat superior doctrine, but rather the imposition of *vicarious* liability, whatever the basis. In *Miller*, that liability rested upon imputed negligence. In this case, it rests upon statutory fiat. In either case, liability for the negligent acts of another is imposed not because of independent culpability which can be measured and evaluated but because of status or relationship. To read Proposition 51 so as to shield *every* defendant from liability for noneconomic damages beyond that attributable to his or her own fault, "largely would abrogate the vicarious tort liability of persons for the acts of others. Nothing in the language or intent of Proposition 51 conveyed to the voters in June 1986 dictates such a drastic change in California tort law." (*Miller* v. *Stouffer, supra, ante,* at p. 85.)

The liability of the operator and the owner are, to the extent of the financial limitations of the statute, coextensive. In other words, for the purposes of Proposition 51, they are a *single* tortfeasor.[9] Whatever noneconomic damages are properly charged to the operator are likewise the burden of the owner. Certainly, nothing in Proposition 51 was intended or can reasonably be construed to abrogate that fundamental principle.

We therefore conclude that the shield of Proposition 51 does not extend to the jointly liable defendant whose liability is not based on fault but rather is imposed by statute as a matter of public policy.

### DISPOSITION

The judgment is affirmed. Plaintiff shall recover his costs on appeal.

Klein, P. J., and Hinz, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 31, 1992.

---

[9]Budget argues that this very conclusion was included in the original legislative proposal before final amendments developed the proposed act submitted to the voters in June of 1986. Budget asserts that, as late as February 1983, Senate Bill No. 575 contained a provision which excluded vicariously liable defendants from the reach of the act's limitations on noneconomic damages. Budget emphasizes that this exception was later deleted and not included in the proposal finally approved by the Legislature and submitted to the electorate as Proposition 51. However, this history is of no relevance to our resolution of the issue before us. It is what the voters were told, not what the Legislature considered before the proposal was finally submitted for a public vote, which is of importance. Budget makes no showing as to what ballot arguments, if any, were presented on this issue. As far as we have been able to determine there was nothing said, one way or the other, about the application of the act to vicariously liable defendants.