[No. B063357. Second Dist., Div. Three. Mar. 21, 1994.]

PAVARUD SRITHONG, Plaintiff and Appellant, v.
TOTAL INVESTMENT COMPANY et al., Defendants and Respondents.

**COUNSEL**

Mardirossian & Associates, Garo Mardirossian and Marina R. Dini for Plaintiff and Appellant.

Haight, Brown & Bonesteel, Roy G. Weatherup, Caroline E. Chan, Molfetta & Raymond, Phillip A. Parra and Ross W. Paulson for Defendants and Respondents.

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant Pavarud Srithong (Srithong) appeals a judgment holding defendants and respondents Total Investment Company

and Michael and Bok Kwon (collectively, Total) not jointly and severally liable with a codefendant for Srithong's noneconomic damages.[1]

In this case of first impression, the issue presented is whether Civil Code section 1431 et seq., commonly known as Proposition 51, which abrogated joint and several liability for noneconomic damages, applies where a defendant's liability is based on a nondelegable duty.

Because the nondelegable duty doctrine is a form of vicarious liability (*Brown* v. *George Pepperdine Foundation* (1943) 23 Cal.2d 256, 260 [143 P.2d 929]; *Maloney* v. *Rath* (1968) 69 Cal.2d 442, 446 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1]; see *Privette* v. *Superior Court* (1993) 5 Cal.4th 689, 695 [21 Cal.Rptr.2d 72, 854 P.2d 721]), Proposition 51 is inapplicable. (*Miller* v. *Stouffer* (1992) 9 Cal.App.4th 70, 83-85 [11 Cal.Rptr.2d 454], review den.) The judgment therefore is modified and as modified is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

Total owned and managed a mini-mall in Los Angeles. Total leased a portion of the premises to Srithong, who operated a restaurant on the property. Total contracted with defendant Modern Roofing Company (Modern), which is not a party to this appeal, to repair leaks on the roof of the building. Employees of Modern were mopping tar on the roof when some of the substance seeped through the ceiling above Srithong's kitchen and fell on his left arm, causing burns and scarring.

On June 13, 1990, Srithong filed a personal injury complaint against Total and Modern. Total answered the complaint, pleading Proposition 51 as an affirmative defense. Total filed a cross-complaint against Modern for equitable contribution, apportionment of damages, indemnification and declaratory relief.

The jury trial commenced September 23, 1991. Srithong moved for a directed verdict pursuant to *Poulsen* v. *Charlton* (1964) 224 Cal.App.2d 262 [36 Cal.Rptr. 347], which was granted by the trial court. The trial court's rulings encompassed findings that Total had a nondelegable duty to maintain and repair the roof of its premises and that the doctrine of res ipsa loquitur operated to create a presumption of negligence as to the defendants.

The trial court instructed the jury, inter alia, "to find that plaintiff was injured as a result of some negligent conduct of the defendants" and "[y]ou

---

[1]Throughout the litigation and at trial, Total Investment Company and Michael and Bok Kwon were referred to for the sake of simplicity under the umbrella designation of Total Investment Company, and therefore are referred to collectively as Total in this opinion.

will also make special findings concerning the [percentage] of negligence of each defendant." The jury also was instructed to distinguish between economic and noneconomic damages. Thereafter, the jury returned a verdict finding Modern 95 percent at fault for Srithong's damages and Total 5 percent at fault, and that Srithong had sustained $2,735 in economic damages and $83,000 in noneconomic damages, for a total of $85,735.

The trial court then granted Total's motion for entry of a separate judgment under Proposition 51, making Total obligated to pay 100 percent of Srithong's economic damages of $2,735 and 5 percent of his noneconomic damages of $83,000, for a total of $6,885.

Srithong appealed.[2, 3]

## CONTENTIONS

Srithong contends Proposition 51 does not abrogate vicarious liability based upon a nondelegable duty.

## DISCUSSION

### 1.  *Nondelegable duty doctrine imposes vicarious liability on lessor for contractor's negligence.*

####   a.  *Lessor's duty to maintain property in safe condition is nondelegable.*

At common law, a person who hired an independent contractor generally was not liable to third parties for injuries caused by the contractor's negligence in performing the work. (*Privette* v. *Superior Court, supra,* 5 Cal.4th at

---

[2]After the appeal was fully briefed and just two days before oral argument, Total's counsel submitted a letter brief contending that because Srithong has pursued a judgment roll appeal, the judgment must be affirmed. The argument is frivolous. The appeal presents a pure question of law, namely, the impact of Proposition 51 on a defendant's liability under the nondelegable duty doctrine. In resolving the issue, we are entitled to rely on the essential underlying facts as set forth in Total's respondent brief.

"While briefs and argument are outside the record, they are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party. [Citations.]" (*Franklin* v. *Appel* (1992) 8 Cal.App.4th 875, 893, fn. 11 [10 Cal.Rptr.2d 759].)

Total's respondent brief amply summarizes the factual and procedural history of the case. The brief indicates, inter alia, the trial court's order granting a directed verdict "encompassed findings that Total . . . had a non-delegable duty to maintain and repair the roof of its premises . . . ." Total does not challenge the sufficiency of the evidence to support that finding. Because Total is bound by the recitation in its own brief, its belated challenge to the adequacy of the record on appeal is unavailing.

[3]It was of course the duty of Srithong, as the appellant, to furnish an adequate record for review. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 418, pp. 415-416.)

p. 693.) Over time, the courts have developed various exceptions to this general rule of nonliability, such as the peculiar risk doctrine pertaining to contracted work which poses some inherent risk of injury to others. (*Ibid.*)[4]

Another exception, which is our focus here, is the doctrine of nondelegable duties. (*Maloney* v. *Rath, supra,* 69 Cal.2d at p. 447; *Brown* v. *George Pepperdine Foundation, supra,* 23 Cal.2d at pp. 259-260.) ■ Under this doctrine, a landlord cannot escape liability for failure to maintain property in a safe condition by delegating such duty to an independent contractor. (*Brown* v. *George Pepperdine Foundation, supra,* 23 Cal.2d at pp. 259-260; see 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1020, p. 411.) Simply stated, " '[t]he duty which a possessor of land owes to others to put and maintain it in reasonably safe condition is nondelegable. If an independent contractor, no matter how carefully selected, is employed to perform it, the possessor is answerable for harm caused by the negligent failure of his contractor to put or maintain the buildings and structures in reasonably safe condition[.]' " (*Brown* v. *George Pepperdine Foundation, supra,* 23 Cal.2d at p. 260.)

Thus, for example, a landlord's duty to maintain elevators in a safe condition is nondelegable (*Brown* v. *George Pepperdine Foundation, supra,* 23 Cal.2d at p. 259), as is the owner's duty to maintain a water heater which is a fixture (*Knell* v. *Morris* (1952) 39 Cal.2d 450, 456-457 [247 P.2d 352]), and the duty to maintain and repair a roof or other portions of the premises over which the landlord retains possession and control. (*Poulsen* v. *Charlton, supra,* 224 Cal.App.2d at p. 268.)

b. *Nondelegable duty rule is a form of vicarious liability.*

■ Vicarious liability "means that the act or omission of one person . . . is imputed by operation of law to another[.]" (*Far West Financial Corp.* v. *D & S Co.* (1988) 46 Cal.3d 796, 819 [251 Cal.Rptr. 202, 760 P.2d 399] (conc. and dis. opn. of Kaufman, J.)) Thus, vicarious liability is a departure from the general tort principle that liability is based on fault. (*Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 208 [285 Cal.Rptr. 99, 814 P.2d 1341].)

As an illustration, under the doctrine of respondeat superior, the employee's fault is imputed to the employer. (*Miller* v. *Stouffer, supra,* 9 Cal.App.4th at p. 84.) The employer is held vicariously liable for the

---

[4]*Privette* held liability under the peculiar risk doctrine does not extend to an independent contractor's employees who enjoy workers' compensation coverage for their injuries. (*Privette* v. *Superior Court, supra,* 5 Cal.4th at p. 702.)

employee's torts committed within the scope of employment. (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d at p. 208.)

The peculiar risk doctrine also is "a form of vicarious liability" (*Privette* v. *Superior Court, supra,* 5 Cal.4th at p. 695), because it imposes liability on a party "*innocent of any personal wrongdoing*—the person who contracted for the work" (*id.,* at p. 694, italics added), for the negligence of an independent contractor hired by a landowner to do inherently dangerous work. (*Ibid.*)

■ Likewise, the nondelegable duty rule is a form of vicarious liability because it is not based on the personal fault of the landowner who hired the independent contractor. Rather, the party charged with a nondelegable duty is "*held liable for the negligence of his agent,* whether his agent was an employee or an independent contractor." (*Maloney* v. *Rath, supra,* 69 Cal.2d at p. 446, italics added.) Regardless of " 'how carefully' " the landowner selected the independent contractor, the landowner " '*is answerable for harm caused by the negligent failure of his contractor*[.]' " (*Brown* v. *George Pepperdine Foundation, supra,* 23 Cal.2d at p. 260, italics added.)

The rationale of the nondelegable duty rule is "to assure that when a negligently caused harm occurs, the injured party will be compensated by the person whose activity caused the harm[.]" (*Maloney* v. *Rath, supra,* 69 Cal.2d at p. 446.) The "recognition of nondelegable duties tends to insure that there will be a financially responsible defendant available to compensate for the negligent harms caused by that defendant's activity[.]" (*Ibid.*) Thus, the nondelegable duty rule advances the same purposes as other forms of vicarious liability.[5]

2. *Because the nondelegable duty rule is a form of vicarious liability, Proposition 51 is unavailing to Total.*

Proposition 51 modified the traditional common law "joint and several liability" doctrine to limit an individual tortfeasor's liability for noneconomic damages to a proportion of such damages equal to that tortfeasor's comparative fault. (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1192 [246 Cal.Rptr. 629, 753 P.2d 585]; *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 602 [7 Cal.Rptr.2d 238, 828 P.2d 140].)

---

[5]The peculiar risk doctrine relieves an injured party from having to depend "on the contractor's solvency in order to receive compensation for the injuries" and fairly allocates the risk of loss to the person who contracted for the work rather than the hapless victim of the contractor's negligence. (*Privette* v. *Superior Court, supra,* 5 Cal.4th at p. 694.)

Similarly, respondeat superior serves to give greater assurance of compensation for the injury victim and ensures that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury. (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d at p. 209.)

Civil Code section 1431.2, the key provision, states in relevant part: "(a) In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, *the liability of each defendant for non-economic damages shall be several only and shall not be joint.* Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant *in direct proportion to that defendant's percentage of fault,* and a separate judgment shall be rendered against that defendant for that amount." (Italics added.)

█ Proposition 51 is directed at the doctrine of joint and several liability. It did not abrogate *vicarious* tort liability of persons for the acts of others which is not based on principles of comparative fault. (*Miller* v. *Stouffer, supra,* 9 Cal.App.4th at pp. 83-85.) Unlike the doctrine of joint and several liability, vicarious liability is a matter of status or relationship, not fault. (*Ibid.*) Thus, where vicarious liability is involved, there is no fault to apportion.

Consequently, in *Miller,* we held Proposition 51 did not apply to reduce the vicarious liability of an employer under the doctrine of respondeat superior. Due to the employer's *status,* the employee's negligence was imputed to the employer, making the entire liability of those two defendants co-extensive. (*Miller* v. *Stouffer, supra,* 9 Cal.App.4th at pp. 83-85.)

Similarly, in *Rashtian* v. *BRAC-BH, Inc.* (1992) 9 Cal.App.4th 1847, 1849 [12 Cal.Rptr.2d 411], we held Proposition 51 inapplicable to reduce the liability which is imposed on vehicle owners by Vehicle Code section 17150.[6] The statute's imposition of liability upon the owner is not based on any culpability on the part of the owner, but merely *status* as an owner. (*Rashtian, supra,* at pp. 1852-1854; see *Galvis* v. *Petito* (1993) 13 Cal.App.4th 551, 565 [16 Cal.Rptr.2d 560].)

Here, Total is liable to Srithong irrespective of its own fault. Total is vicariously liable *for Modern's negligence* as a consequence of Total's *status* as a lessor pursuant to the nondelegable duty doctrine. Because Proposition 51 did not abrogate vicarious tort liability, Total is fully liable for Modern's negligence.

### DISPOSITION

The judgment is modified to provide Total and Modern are jointly and severally liable to Srithong for the entire $85,735 damage award. As modified, the judgment is affirmed.

[6]Vehicle Code section 17150 makes an owner of a motor vehicle liable for injuries caused by another's negligent operation of that vehicle if the person so operating the vehicle is operating it with the owner's express or implied permission. (*Rashtian* v. *BRAC-BH, Inc., supra,* 9 Cal.App.4th at p. 1852.)

Srithong to recover costs on appeal.

Croskey, J., and Kitching, J., concurred.

A petition for a rehearing was denied April 20, 1994, and respondents' petition for review by the Supreme Court was denied July 21, 1994.