[No. B197829. Second Dist., Div. One. Jan. 25, 2008.]

PAULETTE BAYER-BEL, Plaintiff and Respondent, v.
ANNA LITOVSKY, Defendant and Appellant.

## COUNSEL

McClaugherty, Mulder & Keidel, Jay S. McClaugherty and David H. Ryan for Defendant and Appellant.

Law Offices of Tabone and Derek L. Tabone for Plaintiff and Respondent.

## OPINION

**VOGEL, J.**—This is a tort action in which three defendants caused an automobile accident, one by negligently driving the car, the other two by negligently entrusting the car to the unlicensed driver. A jury found all three liable to plaintiff and allocated fault among the three defendants, and the trial court, in entering judgment on the verdict, made the driver jointly and severally liable for the entire judgment (noneconomic as well as economic damages), finding that Proposition 51 did not apply. The driver appeals, contending her liability for plaintiff's noneconomic damages should be several and limited to the amount of fault allocated to her by the jury. We agree.

## FACTS

### A.

Sixteen-year-old Anna Litovsky and her friend Liana cut class and met up with Anthony Mosley and Eugene Green. In Mosley's Chevrolet Tahoe, the foursome went to a party "in the hills" but Litovsky soon realized people were drinking and using drugs and asked Mosley to take her back to school. He refused because he had been drinking and gave the keys to Green, but he too had been drinking and refused to drive. In the end, they all agreed that Liana (who had a learner's permit) would drive and Green would accompany the girls. Mosley stayed at the party.

Liana drove to the school and got out of the car. Green asked Litovsky (who did not have a driver's license or a learner's permit) to drive him back to the party and she complied. On the way, Litovsky (driving on the wrong side of the street) crashed head-on into a Toyota driven by Paulette Bayer-Bel.

### B.

Bayer-Bel sued Litovsky, Mosley, and Green, alleging causes of action for negligence (against Litovsky as the driver, and Mosley as the owner) and negligent entrustment (against Mosley and Green). Litovsky answered and discovery ensued.[1]

At trial, the court granted Bayer-Bel's motion for partial directed verdicts against Litovsky on the issues of negligence and causation, against Green on the issue of negligent entrustment, and against Mosley on the issue of negligent entrustment or negligence as an owner (the record is unclear). The jury then allocated fault (60 percent to Bayer-Bel because she was not wearing her seatbelt and, of the remaining 40 percent, 40 percent to Litovsky, 20 percent to Mosley, and 40 percent to Green) and awarded damages to

---

[1] Mosley and Green are not parties to this appeal. Litovsky's father was named as a defendant but the claims against him were disposed of by nonsuit and he is not a party to this appeal.

Bayer-Bel ($39,000 for past and present medical expenses and lost earnings, plus $150,000 for noneconomic damages).

The trial court refused to apply Proposition 51 (Civ. Code, § 1431.2, subd. (a)),[2] finding that all three defendants' liability was based on something akin to respondeat superior or vicarious liability, not comparative fault, and entered a judgment making Litovsky, Mosley and Green all jointly and severally liable for the entire amount of the judgment ($75,600). Litovsky appeals.

## DISCUSSION

Litovsky contends her liability for Bayer-Bel's noneconomic damages is several, not joint, and limited to her proportional share. We agree.

### A.

Subdivision (a) of section 1431.2 provides: "In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." Since the enactment of this statute, noneconomic damages are allocated to each defendant in direct proportion to that defendant's percentage of fault. (*Marina Emergency Medical Group v. Superior Court* (2000) 84 Cal.App.4th 435, 439 [100 Cal.Rptr.2d 866]; *Espinoza v. Machonga* (1992) 9 Cal.App.4th 268, 272 [11 Cal.Rptr.2d 498]; see also *Union Pacific Corp. v. Wengert* (2000) 79 Cal.App.4th 1444, 1446 [95 Cal.Rptr.2d 68].)

---

[2] Undesignated section references are to the Civil Code. Proposition 51, the Fair Responsibility Act of 1986 (§§ 1431–1431.5), the "deep pocket" initiative, was adopted "to eliminate the perceived unfairness of imposing 'all the damage' on defendants who were 'found to share [only] a fraction of the fault.' " (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 603 [7 Cal.Rptr.2d 238, 828 P.2d 140].)

## B.

Because at least two of the defendants in our case (Litovsky and Green) were "independently acting tortfeasors who have some fault to compare" (*Rashtian v. BRAC-BH, Inc.* (1992) 9 Cal.App.4th 1847, 1851 [12 Cal.Rptr.2d 411]), the exception relied on by the trial court to justify joint liability vis-à-vis Litovsky has nothing to do with this case.

When a defendant is liable *only* by reason of a derivative nondelegable duty arising from his status as employer (*Miller v. Stouffer* (1992) 9 Cal.App.4th 70, 81–85 [11 Cal.Rptr.2d 454]) or landlord (*Srithong v. Total Investment Co.* (1994) 23 Cal.App.4th 721, 726 [28 Cal.Rptr.2d 672]) or vehicle owner (*Rashtian v. BRAC-BH, Inc., supra,* 9 Cal.App.4th 1847) or coconspirator (*Kesmodel v. Rand* (2004) 119 Cal.App.4th 1128, 1142–1145 [15 Cal.Rptr.3d 118]), or from his role in the chain of distribution of a single product in a products liability action (*Bostick v. Flex Equipment Co., Inc.* (2007) 147 Cal.App.4th 80, 93–96 [54 Cal.Rptr.3d 28]), his liability is *secondary* (vicarious) to that of the actor and he is not entitled to the benefits of Proposition 51 (*Rashtian v. BRAC-BH, Inc., supra,* 9 Cal.App.4th at p. 1852; see *Marina Emergency Medical Group v. Superior Court, supra,* 84 Cal.App.4th at p. 440).

■ In our case, at least two of the independently acting defendants' liability is *primary*—Litovsky because she was negligently driving the car at the time of the crash, and Green because he negligently entrusted the car to the unlicensed Litovsky. ■ (*Blake v. Moore* (1984) 162 Cal.App.3d 700, 707 [208 Cal.Rptr. 703] [negligent entrustment is an independent tort].)[3] It follows that Litovsky's liability for Bayer-Bel's noneconomic damages is several, not joint, and that she is liable only for the amount of noneconomic damages allocated to her by the jury. (§ 1431.2, subd. (a).)[4]

---

[3] The basis for the trial court's directed verdict against Mosley is unclear but, in the present context, irrelevant. If nothing else, he was liable as the owner of the Chevrolet. (Veh. Code, § 17150.)

[4] Because Green and Mosley have not appealed, we have no reason to comment upon the propriety of the judgments against them.

## DISPOSITION

The judgment against Litovsky is reversed, and the cause is remanded to the trial court with directions to enter a new judgment in which she is jointly and severally liable for Bayer-Bel's economic damages, but only severally liable for 40 percent of the 40 percent of Bayer-Bel's noneconomic damages. Litovsky is entitled to her costs of appeal.

Mallano, Acting P. J., and Rothschild, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 9, 2008, S161456.