Filed 4/6/15  Montoya v. Mayfield CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| OFELIA MONTOYA, | B255995 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PC052062) |
| v. | |
| ADOLPHUS MAYFIELD et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles Country, Craig D. Karlan, Judge.  Affirmed.

Harrington, Foxx, Dubrow & Canter, Edward R. Leonard and Daniel E. Kenney, for Defendants and Appellants.

Ardalan & Associates, P. Christopher Ardalan and Mark K. Drew, for Plaintiff and Respondent.

_____

Appellants Adolphus Mayfield (Mayfield) and Central Transport, Inc., appeal from an order granting respondent Ofelia Montoya's motion for prejudgment interest pursuant to Civil Code section 3291 and denying appellants' motion to strike respondent's expert witness fees pursuant to Code of Civil Procedure section 998.[1] Finding no error, we affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In December 2010, Monica Porras and Karla Hernandez were involved in a vehicle collision with a truck that caused Porras's death and left Hernandez seriously injured. The truck driver, appellant Mayfield, was employed by appellant Central Transport, Inc. (Central) and was acting within the course and scope of his employment at the time of the collision. Mayfield's truck was owned by GLS Leaseco, Inc. (GLS), which is not a party to this appeal.

Hernandez and Montoya, as heir and successor in interest to Porras, filed a complaint against appellants and GLS (collectively defendants). On August 2, 2011, Hernandez and Montoya (collectively plaintiffs) filed an offer to compromise pursuant to section 998 in the sum of $1,000,000. The offer was rejected. Prior to trial, plaintiffs dismissed GLS. The trial commenced, and the jury returned a verdict in favor of plaintiffs. The jury attributed 50 percent of the fault to Porras, resulting in a net recovery of $294,767.65 for Hernandez and $1,082,200 for Montoya.

After the verdict, defendants moved to strike plaintiffs' claimed expert costs by arguing that the section 998 offer was "fatally deficient." Plaintiffs opposed the motion and sought prejudgment interest pursuant to Civil Code section 3291. The trial court granted expert witness fees and prejudgment interest as to Montoya, but not Hernandez.[2]

Appellants appeal the trial court's order granting expert witness fees and

---

[1]    Subsequent statutory references are to the Code of Civil Procedure, unless otherwise stated.

[2]    Appellants do not challenge the amount of expert witness fees awarded.

2

prejudgment interest to respondent Montoya.[3]

## DISCUSSION

### I

Pursuant to section 998, "[n]ot less than 10 days prior to commencement of trial . . . , any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) If the offer is not accepted in a timely manner, it is deemed withdrawn. (*Id.* at subd. (b)(2).)

"[T]he failure to accept a section 998 offer can have consequences." (*McDaniel v. Asuncion* (2013) 214 Cal.App.4th 1201, 1205.) If a section 998 offer made by plaintiff is not accepted and the defendant does not obtain a more favorable judgment at trial, defendant may be required to "pay a reasonable sum to cover postoffer costs of the services of expert witnesses . . . ." (§ 998, subd. (d).) The plaintiff also may seek prejudgment interest "at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment." (Civ. Code, § 3291.) Where the facts are undisputed, we review de novo a trial court's award of expert witness fees under section 998 and prejudgment interest under Civil Code section 3291. (*Burch v. Children's Hospital of Orange County Thrift Stores, Inc.* (2003) 109 Cal.App.4th 537, 543 (*Burch*).)

### II

Appellants challenge the validity of plaintiffs' section 998 offer on grounds that (1) it was made jointly by plaintiffs, and (2) it was unapportioned as to the three defendants. We address each argument in turn.

A.  *Offer Made Jointly by Plaintiffs*

Appellants argue plaintiffs' section 998 offer was deficient because it was made jointly by plaintiffs, without offering defendants a chance to settle with one plaintiff but

---

[3] Hernandez has not appealed the trial court's denial of expert witness fees and prejudgment interest.

not the other.

Generally, a joint offer by plaintiffs is invalid because it is not possible to determine, after trial, "whether the individual plaintiffs received more than they would have received had the offer to compromise been accepted." (*Fortman v. Hemco, Inc.* (1989) 211 Cal.App.3d 241, 263.) However, an exception exists when it is "absolutely clear" that a plaintiff "received a greater amount in damages after trial than she would have received had [defendants] accepted the joint offer even if the entire amount of the offer . . . is attributed to her." (*Ibid.* [prejudgment interest]; see *Winston Square Homeowner's Assn. v. Centex West, Inc.* (1989) 213 Cal.App.3d 282, 294 [expert witness fees].)

Plaintiffs made an unallocated, joint offer of $1,000,000 to settle the case with defendants. Montoya's damages after jury trial amounted to $1,082,200, a more favorable judgment than she would have received even if the entire $1,000,000 settlement was attributed to her. The fact that plaintiffs jointly made their section 998 offer does not invalidate the offer.

B.    *Offer Unapportioned as to Defendants*

Appellants also argue that the section 998 offer was invalid because it was unapportioned as to the three defendants. Specifically, they contend that inclusion of GLS in the section 998 offer invalidated the offer because 1) GLS faced only limited liability under Vehicle Code section 17151, and 2) at the time of the offer, GLS potentially faced liability based on other theories of negligence not applicable to appellants. We disagree.

"In general, 'a section 998 offer made to multiple parties is valid only if it is expressly apportioned among them and not conditioned on acceptance by all of them. [Citations.]'" (*Burch*, *supra*, 109 Cal.App.4th at p. 544.) This rule exists because an unapportioned offer to multiple defendants "requires any defendant who wants to accept [the offer] to obtain the concurrence of his or her codefendants," "plac[ing] a reasonable defendant at the mercy of codefendants whose refusal to settle may be unreasonable." (*Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 584 (*Taing*).) Moreover, if

4

defendants are served with an unapportioned section 998 offer, "'there is no way to determine whether a subsequent judgment against a particular nonsettling defendant is "more favorable" than the offer.' [Citation.]" (*Burch*, *supra*, at p. 547.) This rule does not apply, however, when the defendants are joint tortfeasors having joint and several liability because "if they [are] liable at all, they are jointly and severally liable." (*Steinfeld v. Foote-Goldman Proctologic Medical Group, Inc.* (1996) 50 Cal.App.4th 1542, 1549 (*Steinfeld*).)

1.      *Vehicle Code Sections 17151 and 17153*

Appellants contend that, since GLS's liability was statutorily limited to $30,000 per occurrence under Vehicle Code section 17151, subdivision (a),[4] its exposure was different from that of appellants, who were jointly and severally liable for the entire judgment.

We evaluate the validity of plaintiffs' section 998 offer based on the circumstances that existed when the offer was made, not as of the date of judgment. (*Burch*, *supra*, 109 Cal.App.4th at pp. 547-548.) At the time the offer was made, GLS remained a defendant in the case but, unlike appellants, its statutory liability was limited to $30,000 per occurrence under Vehicle Code section 17151. In a factually similar situation, *Burch* held that inclusion of the vehicle owner in Burch's section 998 offer invalidated the offer because the owner "would not have been found jointly and severally liable with the other defendants *for the full amount of Burch's damages*." (*Burch*, at p. 550, italics added.) Because the liability of the vehicle owner in *Burch* was statutorily limited, it faced varying liability from the other defendants and the section 998 offer was found invalid.

Although the reasoning in *Burch* is relevant to our analysis, respondent raises a

---

[4]      Vehicle Code section 17151, subdivision (a) states: "The liability of an owner, bailee of an owner, or personal representative of a decedent imposed by this chapter and not arising through the relationship of principal and agent or master and servant is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident and, subject to the limit as to one person, is limited to the amount of thirty thousand dollars ($30,000) for the death of or injury to more than one person in any one accident and is limited to the amount of five thousand dollars ($5,000) for damage to property of others in any one accident."

dispositive argument not considered in that case. Vehicle Code section 17153 provides, "If there is recovery under this chapter against an owner . . . , the owner . . . is subrogated to all the rights of the person injured . . . and may recover from the operator the total amount of any judgment and costs recovered against" it. Vehicle owners joined as defendants under this provision face only "secondary" liability because theirs is "not due to active or passive participation in the negligence alleged by the plaintiff[s] in the complaint." (*Rashtian v. BRAC-BH, Inc.* (1992) 9 Cal.App.4th 1847, 1852 (*Rashtian*).) The practical consequence of this provision is that when there is a settlement for a sum "equal to, or in excess of the amount of the owner's statutory liability, the owner's obligation is discharged." (*Id.* at p. 1853; see also *Flores v. Enterprise Rent-a-Car Co.* (2010) 188 Cal.App.4th 1055, 1072 (*Flores*).)

GLS was merely a "guarantor" (*Rashtian*, *supra*, 9 Cal.App.4th at p. 1853, italics omitted), joined as a defendant to ensure plaintiffs would recover some amount in case it was impossible to collect damages from appellants. (See *Burton v. Gardner Motors, Inc.* (1981) 117 Cal.App.3d 426, 430.) Under *Rashtian* and *Flores*, GLS would have been discharged from the case had defendants accepted plaintiffs' section 998 offer, leaving appellants jointly and severally liable for the entire settlement amount.

As we have stated, the general rule favoring apportionment exists to protect reasonable defendants from the actions of unreasonable codefendants who refuse to settle (*Taing*, *supra*, 9 Cal.App.4th at p. 584), and to ensure defendants are able to assess whether plaintiff's recovery at trial was "more favorable" than the settlement offer. (*Burch*, *supra*, 109 Cal.App.4th at p. 545.) Neither is applicable here. There were no conflicting interests between defendants that potentially prevented acceptance of the settlement offer. Appellants contend GLS would not agree to settlement terms that would make it jointly and severally liable for $1,000,000. This is a misstatement of the law; GLS had no reason to prevent acceptance of plaintiffs' offer because, upon acceptance, it would have been entitled to be discharged from the case, and defendants would have been readily able to determine whether a subsequent judgment at trial was more favorable than the offer. Even if GLS remained in the case and suffered a judgment against it, it

6

would have been entitled to recover from appellants "the total amount of any judgment and costs recovered against" it (Veh. Code, § 17153), making appellants jointly and severally liable for the entire judgment. The inclusion of GLS in plaintiffs' section 998 offer did not render it invalid.

### 2. *Alternate Theories of Liability for GLS*

Appellants also argue that GLS could have been liable under alternate theories of negligence unrelated to Mayfield's negligent driving, resulting in varying theories of liability among the defendants served with the section 998 offer. In addition to holding that the vehicle owner was in a different position due to the statutory limit on its liability, the *Burch* court observed that "[b]ased on the allegations of the complaint, the trier of fact also could have determined [the truck owner's] culpability was limited to negligent maintenance of the truck that hit Burch's vehicle." (*Burch*, *supra*, 109 Cal.App.4th at p. 550.) It pointed to allegations in Burch's complaint that stated defendants "'so negligently . . . drove, *maintained*, operated, entrusted, and controlled their said vehicle so as to cause it to collide with and crash into the vehicle driven by plaintiff.'" (*Id.* at pp. 549-550, italics added.) Because Burch had included an allegation of negligent maintenance, directed solely at the vehicle owner, the defendants in Burch faced varying liability at the time her section 998 offer was made. "Such a scenario [gave] rise to comparative negligence liability and trigger[ed] Proposition 51," whereby a defendant's liability for noneconomic damages based on principles of comparative fault are considered several, but not joint. (*Id.* at p. 550; Civ. Code, § 1431.2, subd. (a).)

This case is distinguishable. Unlike the complaint in *Burch*, plaintiffs' complaint does not allege multiple theories of negligence. Instead, it alleged a "single act of negligence" causing a "single injury." (*Steinfeld*, *supra*, 50 Cal.App.4th at p. 1549.) Plaintiffs' section 998 offer was valid.[5]

---

[5] The trial court gave weight to the fact that defendants were represented by the same law firm and shared the same insurance policy. Appellants argue this point is irrelevant, and we agree. However, we need not address this issue as it does not affect the disposition of the case.

## DISPOSITION

The order is affirmed.  Respondent is entitled to her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


                                        EPSTEIN, P. J.


We concur:


MANELLA, J.


COLLINS, J.