## NOT FOR PUBLICATION

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

SONIA MENA GARCIA, an individual;
JUAN VALENCIA, an individual,

        Plaintiffs-Appellants,

v.

GEICO CASUALTY COMPANY,

        Defendant-Appellee.

No. 23-55646

D.C. No.
2:22-cv-06041-PA-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 9, 2024
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,[**] District Judge.

The issue in this diversity action is whether the district court erred in granting

summary judgment against Sonia Mena Garcia and Juan Valencia ("Plaintiffs"),

who had been assigned any rights that Luis Herrera, the named insured under an

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

automobile insurance policy issued by GEICO Casualty Company, had against the insurer after Plaintiffs obtained a judgment against Herrera greatly in excess of the policy's $15,000 limits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. Plaintiffs claim that GEICO acted in bad faith by conditioning settlement of Plaintiffs' claims in a wrongful death action on obtaining a release for both Herrera and Ramiro Hernandez, Herrera's father-in-law. The operative wrongful death complaint asserted claims against both Herrera and Hernandez, whose vehicle Herrera was driving in the accident that killed Plaintiffs' decedent, and to whom GEICO extended coverage under its policy as an additional insured. Under California law, however, an insurer "cannot favor the interests of one insured over the other," and thus an insurer does not act in bad faith by making a policy limits offer on behalf of all insureds and rejecting a counteroffer for policy limits that releases only one. *Lehto v. Allstate Ins. Co.*, 31 Cal. App. 4th 60, 72 (1995).

Seeking to avoid this rule, Plaintiffs argue that a competent investigation by GEICO would have revealed that Hernandez was not living with Herrera at the time of the accident, had not given Herrera permission to drive the vehicle, and therefore did not qualify under the policy as an additional insured. However, the cases that Plaintiffs cite concerning the insurer's duty to conduct an adequate investigation, *see, e.g.*, *Betts v. Allstate Ins. Co.*, 154 Cal. App. 3d 688, 707 (1984); *Wilson v. 21st*

2

*Century Ins. Co.*, 171 P.3d 1082, 1086 (Cal. 2007), involve the *denial* of coverage. Plaintiffs have provided no California authority holding that an insurer acts in bad faith to its named insured by agreeing to *extend* coverage to a relative of the named insured as an additional insured, and we are aware of no such case.

2. Plaintiffs also argue that "even if Hernandez could be construed as an additional insured," GEICO acted in bad faith by demanding a release for both insureds, because "by settling with Plaintiffs for Herrera's $15,000 policy limits, GEICO would have also completely wiped away Hernandez's exposure under Plaintiffs' complaint." This argument is premised on (1) California Vehicle Code § 17151(a), which limits an automobile owner's vicarious liability to $15,000 "for the death of or injury to one person in any one accident," and (2) the California rule that "where the operator settles the claim of the injured third party for a sum equal to, or in excess of the amount of the owner's statutory liability, the owner's obligation is discharged," *Rashtian v. BRAC-BH, Inc.*, 9 Cal. App. 4th 1847, 1853 (1992).

However, when GEICO rejected Plaintiffs' settlement offer, it could not be certain that Plaintiffs' claims against Hernandez were premised solely on vicarious liability. The complaint did not so allege, and Plaintiffs' insistence that any settlement agreement exclude a release for Hernandez implied that vicarious liability was not their only theory about Hernandez's liability. Indeed, if such were the case, there would have been no reason for Plaintiffs to reject GEICO's offer to settle the

3

claims against both defendants for policy limits and instead reserve their claims against Hernandez, because any vicarious liability of Hernandez would have been limited to $15,000 and satisfied by GEICO's payment of policy limits.

3. Plaintiffs also claim that GEICO acted in bad faith by failing to communicate their settlement counteroffer to Herrera. But, an insurer acts in bad faith by failing to communicate a settlement offer only if that failure "prevented the insurer from settling the claim within policy limits." *Hedayati v. Interins. Exch. of the Auto. Club*, 67 Cal. App. 5th 833, 845 (2021). Here, any failure to communicate Plaintiffs' offer did not prevent GEICO from settling within policy limits because Plaintiffs were unwilling to release both insureds in return for the limits of the GEICO policy. *See Lehto*, 31 Cal. App. 4th at 72.

**AFFIRMED.**