File 11/15/19; Supreme Court publication order 3/11/20

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF YOLO

| | |
|---|---|
| DHI CHERRY GLEN ASSOCIATES, L.P., ) | Case No.: CV UD 18-1993 |
| ) | |
| Plaintiff and Respondent, ) | **DECISION** |
| ) | |
| vs. ) | |
| ) | |
| HEATHER GUTIERREZ, ) | |
| ) | |
| Defendant and Appellant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

Defendant Heather Gutierrez appealed from the judgment entered against her in the above-referenced matter. Finding an error, we **REVERSE**.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about October 1, 2014, appellant Heather Gutierrez entered into a written agreement with respondent DHI Glen Associates, LP, to rent the real property located at 762 W. Lincoln Avenue, # 9, Woodland, CA 95695 ("premises") for 12 months for $30.00 a month. (Form Complaint, ¶ 6). Appellant's tenancy is subsidized by the United States Department of Housing and Urban Development (HUD). (See Model Lease for Subsidized Programs, attached to complaint as Exhibit 1.) Her tenancy is funded under the Section 8 Project-Based Assistance Program and the Section 8 Project-Based Assistance Program, State Agency Financed. (42

-1-

U.S.C. § 1437f.) The rent in subsidized housing can change during the term of the tenancy as the rent is based upon income among other factors.

As of October 2018, the tenant's portion of the rent had increased to $259.00. (Form Complaint, ¶ 6.) On October 9, 2018, appellant was served with a 10-day notice to pay rent or quit ("notice") by posting and mailing a copy to appellant. The notice is attached to the complaint as Exhibit 2. (*Id*., at ¶ 7.) The notice expired at the end of the day on October 23, 2018 and included an election of forfeiture. (*Ibid*.) The amount of rent due stated in the notice was $258.00. (*Id*., at ¶ 9.)

On October 30, 2018, respondent filed a complaint for unlawful detainer against appellant. Respondent alleged that appellant was wrongfully in possession of the premises. (*Id*., ¶ 3.)

On November 13, 2018, appellant answered the complaint. She alleged that: (1) before the notice to pay or quit expired, she offered the rent due, but plaintiff would not accept it; (2) the unlawful detainer action was filed prior to the expiration of the notice; and (3) the notice attached to the complaint was insufficient since it did not include Violence Against Women Act notification required 24 Code of Federal Regulations section 5.2005, subdivision (a)(2)(iii). (Answer, ¶ 3.c., Attachment 3k.)

On November 28, 2018, appellant filed a motion for summary judgment ("MSJ"). Respondent filed an opposition. Appellant filed a reply. After oral argument on December 11, 2018, Judge Warriner denied the MSJ and proceeded with the trial. At trial, Judge Warriner found in favor of respondent and directed respondent's counsel to prepare a statement of decision. The Honorable Judge Maguire signed the Statement of Decision for Judge Warriner on January 23, 2019.

On January 28, 2019, appellant Heather Gutierrez filed this timely appeal.

According to appellant's statement on appeal, the following evidence was adduced at the court trial:

Testimony of Defendant Heather Gutierrez:

1. Defendant called defendant Heather Gutierrez.

2. Defendant testified that she had lived at the property for 6 years and lives there presently with her husband and 2 children.

3. She testified that she did not pay rent on time in October 2018 because she lost her job.

4. She testified that she worked as a personal caregiver.

5. She testified that she lost her job because she had to attend so many court appearances for obtaining a restraining order against her ex -partner and for custody hearings.

6. She testified that she is a victim of domestic violence.

7. Judge Warriner asked defendant if there were mutual restraining orders. Defendant said yes. Judge Warriner asked if defendant and her son's father shared custody. Defendant said no, she has full legal custody. Her son's father has visitation for 3 hours every two weeks. Defendant testified that they met with a mediator twice and they return to court in January regarding visitation. He does not pay child support. Counsel for defendant asked Judge Warriner to take judicial notice of the other Yolo Superior Court cases between defendant and Robert Cutts and Judge Warriner did.

8. Defendant testified that she gave a letter to Jaime Powell (Defendant's Exhibit A) dated September 28, 2018 that stated that she lost her job. Plaintiff's counsel objected to the admission of the exhibit into evidence on the grounds that it was perjury but Judge Warriner overruled the objection and admitted the document as Exhibit A.

9. Plaintiff's counsel examined Ms. Gutierrez.

10. She testified that she lost her job on September 27, 2018. She learned that she lost her job by phone when her employer called her and said she was not on the calendar.

11. She testified that she lost her job for missing work to attend court.

Testimony of Jaime Powell:

1. Plaintiff called Jaime Powell.

2. Plaintiff's counsel showed Ms. Powell Plaintiff's Exhibit 1, the lease agreement, which she identified as Ms. Gutierrez' lease. Exhibit 1 was offered into evidence.

3. Ms. Gutierrez' counsel did not object to its entry into evidence.

4. She testified that she is manager of Cherry Glen Apartments and the agent for the owner.

5. She testified that she served Heather Gutierrez with the 10-day Notice to Pay Rent (Plaintiff's Exhibit 2).

6. She authenticated the 10-Day Notice that she signed and attached to the complaint.

7. Ms. Gutierrez' counsel did not object to its entry into evidence.

8. Ms. Gutierrez' counsel examined Ms. Powell.

9. She testified that the premises are Project-Based Section 8 Housing.

The Court found, as provided in its statement of decision, that the 10-day notice to pay rent or quit conformed to the strict requirements provided in Code of Civil Procedure section 1161 and provided the bases for its finding in favor of respondent. The statement of decision states:

> The Honorable Thomas E. Warriner presiding, having considered argument of counsel, as well as oral and documentary evidence, at trial on December 10, 2018 in this matter, finds as follows;
>
> 1. Plaintiff is a Project-Based Section 8 Housing provider.
> 2. Plaintiff's notice to pay rent or quit accurately stated the rent due and included the following: description of the property, statement of breach (amount owing), unequivocal demand for payment, payment details, date of tenancy will end if payment not tendered, and the right to request a hearing. 24 CR § 880.607; C.C.P. § 1161(2).
> 3. Plaintiff's notice to pay rent or quit was properly served by posting and mailing the notice on October 9, 2018.
> 4. The Defendant was required to pay the delinquent amount of (Two Hundred Fifty-Eight dollars ($258.00) within 10 days from the date of service of the notice. The operative lease does not require a demand period longer than 10 days.
> 5. The Defendant did not pay the amount stated in the notice and/or in the form required by the notice, prior to the notice expiring on October 23, 2018. The Defendant did not request a meeting prior to October 23, 2018.

6. Notices to pay rent are not premised on an act of domestic violence, dating violence, sexual assault, or stalking. <u>Accordingly, no Violence Against Woman (sic) Act notices are required to be served with notices to pay rent. 24 CFR § 5.2005 (d)(2).</u>

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. Plaintiff is entitled to immediate judgment for possession of the premises commonly known as 762 W. Lincoln Avenue, #9, Woodland, CA 95695, Yolo County.  A writ shall issue forthwith.
2. The judgment for possession applies to all occupants, both named and unnamed, as a prejudgment claim to right of possession was filed and served but not returned.
3. The rental agreement/lease is canceled/forfeited.
4. Plaintiff is entitled to a judgment for money against Defendant Heather Gutierrez, calculated as follows:
5. Principal - $258.00; Holdover - $353.83; Court costs - $340.00 for a total of $951.83.

On June 12, 2019, the court granted appellant's request for judicial notice of Exhibit 1: HUD, Notice H 2017-05 Violence Against Women Act (VAWA) Reauthorization Act of 2013- Additional Guidance for Multifamily Owners and Management Agents (June 30, 2017).

The court certified the entirety of the court's file as the settled statement on appeal.

Appellant filed an opening brief.  Respondent filed a respondent's brief.  Appellant filed a Reply brief.

## **DISCUSSION**

### A.  Standard of Review

The issue presented on appeal is: Whether the trial court made an error in the law when it found: "Notices to pay rent are not premised on an act of domestic violence, dating violence, sexual assault, or stalking.  Accordingly, no Violence Against Woman (sic) Act notices are required to be served with notices to pay rent. 24 CFR § 5.2005 (d)(2)." (Statement of Decision, ¶ 6.)

The trial court's ground for appeal presents an issue of statutory interpretation.  The standard for review of issues of statutory interpretation is de novo. (*People ex rel. Lockyer v.*

*Shamrock Foods, Co.* (2000) 24 Cal.4th 415, 432.) Under a de novo standard of review, the Court is not bound by the trial court's statutory interpretation. (*Id.)*

When determining the meaning of a statute, the court must first look to the words "because they generally provide the most reliable indicator of legislative intent. (citation omitted) . . . If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statue governs." (*Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.) "In reading statutes, we are mindful that words are to be given their plain and commonsense meaning." (*Ibid*.) "Only when the statute's language is ambiguous or susceptible to more than one reasonable interpretation may the court turn to extrinsic aids to assist in interpretation." (*Ibid*.)

### B. Failure to provide a legally sufficient notice is a complete defense to an unlawful detainer.

"Unlawful detainer is a unique body of law and its procedures are entirely separate from the procedures pertaining to civil actions generally." (*Losornio v. Motta* (1998) 67 Cal.App.4th 110, 115.) "Sections 1159 through 1179a comprise what is commonly known as the Unlawful Detainer Act; the statutes are broad in scope and available to both lessors and lessees who have suffered certain wrongs committed by the other." (*Losornio v. Motta, supra,* at p. 113.) Strict compliance with the statutory notice requirements is a prerequisite to filing an unlawful detainer action. (*Lamey v. Masciotra* (1969) 273 Cal.App.2d. 709, 713.) "Under California statutory law a tenant is entitled to a 3-day notice to pay rent or quit which may be enforced by summary legal proceedings (Code Civ. Proc., § 1161) but this notice is valid and enforceable only if the lessor strictly complies with the specifically described notice conditions. (Code Civ. Proc., § 1162.)" (*Ibid*.)

A copy of the notice of eviction must be attached to the complaint. (Code Civ. Proc., § 1166, subd. (d)(1)(A).) A complaint, that does not comply with the notice requirements, fails to state a cause of action for unlawful detainer and the court lacks both personal and subject matter jurisdiction. (*Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 599-600.)

Appellant contends that the trial court incorrectly found that respondent strictly complied with the notice requirements set forth in Code of Civil Procedure section 1161 and 24 Code of Federal Regulations part 5.2005(a)(2)(iii), since the 10-day notice to pay rent or quit did not include the statutorily required Notice of Occupancy Rights under the Violence Against Women Act, and certification form ("VAWA notices").

Respondent contends that the trial court correctly found that the notice served in this case was sufficient under Code of Civil Procedure section 1161 and 24 Code of Federal Regulations part 5.2005 since, 24 Code of Federal Regulations part 5.2005(d)(2) does not require that VAWA notices be served with a notice to pay rent or quit.

In determining whether the VAWA notices set for forth in 24 Code of Federal Regulations, part 5.2005 are required to be served with a 10-day notice to pay rent or quit, we must look to the language of the statute.

**C. The trial court erred in finding that VAWA notices were not required to be served with notice to pay rent or quit since the notice was not premised on domestic violence.**

24 Code of Federal Regulations part 5.2005 states in pertinent part:

(a) Notification of occupancy rights under VAWA, and certification form.

(1) A covered housing provider must provide to each of its applicants and to each of its tenants the notice of occupancy rights and certification form as described in this section:

(i) A "Notice of Occupancy Rights under the Violence Against Women Act," as prescribed and in accordance with directions provided by HUD, that explains the VAWA protections under this subpart, including the right to confidentiality, and any limitations on those protections (emphasis added); and

(ii) A certification form, in a form approved by HUD, to be completed by the victim to document an incident of domestic violence . . .

(2) The notice required by paragraph (a)(1)(i) of this section and certification form required by paragraph (a)(1)(ii) of this

section must be provided to an applicant or tenant no later than at each of the following times: . . .

     (iii)    With any notification of eviction or notification of termination of assistance. . .

(d) Limitations of VAWA protections.

. . .

(2) Nothing in this section limits any available authority of a covered housing provider to evict or terminate assistance to a tenant for any violation not premised on an act of domestic violence, dating violence, sexual assault, or staking that is in question against the tenant or an affiliated individual of the tenant. However, the covered hosing provider must not subject the tenant, who is or has been a victim of domestic violence, dating violence, sexual assault of stalking, or is affiliated with an individual who is or has been a victim of domestic violence, dating violence, sexual assault or staking, to a more demanding standard than other tenants in determining whether to evict or terminate assistance.

The landlord of a HUD property must serve a 10-day notice of eviction (instead of a 3-day notice to pay rent or quit) on a tenant prior to initiating a legal action for unlawful detainer. (Code Civ. Proc., § 1161; Form Complaint, Exhs. 1 & 2.) A 10-day notice to pay rent, like a 3-day notice to pay rent or quit, is a notice of eviction under Code of Civil Procedure section 1161 and 24 Code of Federal Regulations part 5.2005. As a notice of eviction, the 10-day notice to pay rent or quit served by a covered housing provider must include the VAWA notices. (24 C.F.R. § 5.2005(a)(2)(iii) (2016).) The notice served on appellant in this case did not include the VAWA notices as required by law and therefore, cannot support an action for unlawful detainer. (Code Civ. Proc., § 1161, 24 C.F.R., § 5.2005(a)(2)(iii) (2016), Form Complaint, Exhs. 1 & 2.)

24 Code of Federal Regulations part 5.2005(d)(2) does not save respondent's unlawful detainer action from the strict notice requirements provided by statute. 24 Code of Federal Regulations part 5.2005(d)(2) does not refer to or abridge the notice requirement contained in 24 Code of Federal Regulations, part 5.2005(a)(2)(iii). All subdivision (d)(2) states is that the section does not prevent or limit a covered housing provider's ability to evict a tenant or terminate a tenant's assistance not premised on an action of domestic violence, etc. (24 C.F.R. § 5.2005(d)(2) (2016).)

The plain and commonsense meaning of the statutory language contained in 24 Code of Federal Regulations part 5.2005 requires VAWA notices to be served with any notice of termination. There is no language in the statute that would support a meaning that the VAWA notices only need to be served with notices of termination that are premised on domestic violence. (24 C.F.R. § 5.2005 (2016).) Respondent was required to serve the VAWA notices on appellant prior to filing a complaint for unlawful detainer against appellant.

The court's finding: "6. Notices to pay rent are not premised on an act of domestic violence, dating violence, sexual assault, or stalking. Accordingly, no Violence Against Woman (sic) Act notices are required to be served with notices to pay rent. 24 CFR § 5.2005 (d)(2)." was in error.

**The court's error of law is not harmless.**

Where a party shows "a reasonable probability that in the absence of the error, a result more favorable to [it] would have been reached., the error is not harmless. (*Diaz v. Carcamo* (2011) 51 Cal.4th 1148, 1161, citing *Soule v. General Motors Corp*. (1994) 8 Cal.4th 548, 574.) In this case, absent the error, the court would have found that respondent did not comply with the notice requirements for an unlawful detainer action and would have found in favor of appellant. A finding in favor of appellant would allow her to stay in her home.

Judgment is **REVERSED,** and Judgment is entered for Defendant.

Dated: November \_\_\_, 2019

_____
Sonia Cortes
Judge of the Appellate Division

Dated November \_\_\_, 2019

_____
Tom M. Dyer
Judge of the Appellate Division

Dated November \_\_\_, 2019

_____
David W. Reed
Judge of the Appellate Division

**DHI CHERRY GLEN V. HEATHER GUTIERREZ**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF YOLO**


THOMAS WARRINER
Trial Court Judge



Counsel for Appellant:               Katherine W. Wardrip
                                     Legal Services of Northern California
                                     619 North Street
                                     Woodland, CA 95695



Counsel for Respondent:              Monika P. Deka
                                     Kimball, Tirey & St. John LLP
                                     2300 Clayton Road, Suite 1350
                                     Concord, CA 94520