Filed 6/26/26  Marriage of Eletr CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the Marriage of SARA SAMY ELETR and TAREK ELETR. | |
| SARA SAMY ELETR,<br><br>        Respondent,<br><br>v.<br><br>TAREK ELETR,<br><br>        Appellant. | A174390<br><br>(Alameda County Super. Ct. No. HF21109221) |

Tarek Eletr, appearing in propria persona, appeals from the trial court judgment dissolving his marriage to Sara Samy Eletr.[1]  He argues that the trial court violated his due process rights by excluding him from the decisive stage of trial and that the judgment contains a factually incorrect finding that he was present in court.  Tarek's arguments do not justify reversal of the judgment, so we affirm.

---

[1] For clarity, we refer to the parties by their first names.  In doing so, we mean no disrespect.

## BACKGROUND

When the trial court set this marital dissolution proceeding for a long-cause trial in February 2025, it allowed Tarek to appear remotely because he was in Egypt.[2]  Tarek was not represented by counsel.  The trial court repeated that order in another pre-trial hearing.  The trial court's minutes for the first day of trial on April 29 show that Tarek appeared remotely but that the trial court ordered Tarek to appear in person at the next hearing.  The minutes were entered on May 8.[3]

Despite the trial court's order, on May 12, Tarek filed a request to appear remotely.  His application stated that his passport was nearing expiration and, relying on the trial court's previous approval of a remote appearance and believing in-person attendance would not be required, he had submitted it for renewal.  He said the standard processing time for renewal was six to eight weeks.

Sara opposed the request.[4]  According to Sara, when the trial court ordered Tarek to appear in person at the next trial date, he said he would not be there because he was taking care of

---

[2] All events mentioned in this opinion occurred in 2025.

[3] We can only speculate about the trial court's reasons for changing course.  Although the trial court minutes indicate that a court reporter was present, Tarek has not provided a reporter's transcript.

[4] Tarek did not include Sara's opposition when he designated items for the clerk's transcript.  We augmented the record with this document on our own motion.  (Cal. Rules of Court, rule 8.155(a)(1).)

2

his father in Egypt.  She noted that the lack of a passport, even if true, was the result of Tarek's own actions.

Tarek filed a response.[5]  He disagreed with certain statements Sara had made but did not respond to her assertion that at the end of the first day of trial on April 29 the trial court had ordered him to appear in person.  He also attached a copy of a receipt for the payment of the passport renewal fee.  That receipt showed he paid the renewal fee on May 4.

On May 14, the trial court denied without prejudice Tarek's request for remote appearance.  It said it would reconsider the issue if Tarek submitted a copy of his passport with a visible expiration date and documentation concerning his renewal application, including the date the application was submitted and any confirmation of receipt and processing of the application.  It ordered all parties to appear in person who had previously been ordered to do so and warned that a failure to comply could result in sanctions.

On May 15, Tarek filed a second request to appear remotely.  He said he could not submit a copy of his passport showing the expiration date because he had submitted it with his renewal application.  He again attached a copy of the renewal fee receipt showing he paid the fee on May 4.

---

[5] Tarek did not include his response when he designated items for the clerk's transcript.  We augmented the record with this document on our own motion.  (Cal. Rules of Court, rule 8.155(a)(1).)

3

Sara opposed Tarek's second request.[6] She pointed out that Tarek had not submitted a copy of his passport or confirmation of receipt and processing of his renewal application, which the court had previously required. She asserted that his renewal fee receipt did not show the date his application was submitted. She also pointed out that the May 5 receipt date suggested Tarek had submitted his renewal application after the court had ordered him on April 29 to appear in person at the next day of trial.

Tarek filed a response on May 19.[7] He asserted that the renewal fee receipt was the only documentation provided by the United States Embassy in Cairo. He did not respond to Sara's assertion that he had submitted his renewal application after the trial court had ordered him on April 29 to appear in person at the next day of trial.

In an order dated May 19 and filed on May 21, the trial court denied Tarek's second request.[8] But the court said it would

---

[6] Tarek did not include Sara's second opposition when he designated items for the clerk's transcript. We augmented the record with this document on our own motion. (Cal. Rules of Court, rule 8.155(a)(1).)

[7] Tarek did not include his second response when he designated items for the clerk's transcript. We augmented the record with this document on our own motion. (Cal. Rules of Court, rule 8.155(a)(1).)

[8] Tarek listed this order when he designated items for the clerk's transcript, but it was omitted from the transcript. Remarkably, despite its centrality to his appeal, Tarek apparently took no action to correct the omission. (See Cal. Rules of Court, rule 8.155(b)(1).) We therefore augmented the record with this document on our own motion. (Cal. Rules of Court, rule 8.155(a)(1).)

4

consider a request for a short continuance to give Tarek sufficient time to receive his new passport, if Tarek were to submit such a request.

According to the trial court's case register, Tarek did not file a request for a continuance.[9]  Instead, on June 12, the same day as the second day of trial, he filed a motion for reconsideration of his request for remote appearance.  The trial court's minutes for the trial state that Tarek did not appear and the court made a record regarding his failure to appear in person.  The trial court minutes also indicate that a court reporter was present, but Tarek has not submitted a reporter's transcript.  The trial court then found that Tarek had notice and an opportunity to appear and proceeded in Tarek's absence.  It took the matter under submission.

Tarek made an ex parte request to vacate the submission and reopen the hearing to permit his remote presence.[10]  He claimed that he had been on Zoom during the hearing and was prepared to participate, and he faulted the trial court for not addressing his motion for reconsideration.  He did not mention his failure to take advantage of the trial court's invitation to apply for a continuance.  The trial court denied the ex parte request.

---

[9] The register of actions is a required part of a clerk's transcript, but it was omitted from the transcript.  We augmented the record with this document on our own motion, but only as to events preceding Tarek's notice designating the record. (Cal. Rules of Court, rule 8.155(a)(1).)

[10] For reasons that are unclear, the copy of the ex parte request in the record does not show a filing date.

5

On July 30, with Tarek appearing remotely, the trial court denied as moot Tarek's motion for reconsideration of the denial of his request for remote appearance.

The trial court entered judgment in August. The judgment stated that the proceeding was heard on April 29 and June 12 and checked boxes indicating Sara and Tarek were both present in court. Tarek filed a motion in September to set aside the judgment. The record does not contain a copy of the court's ruling on the motion, but Tarek represents that the trial court denied it.

## DISCUSSION

Tarek first contends the trial court violated his right to due process by excluding him from the trial. " 'The essence of due process is the requirement that "a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." ' [Citations.] The opportunity to be heard must be afforded 'at a meaningful time and in a meaningful manner.' " (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.)

Code of Civil Procedure section 367.75 and rule 3.672 of the California Rules of Court[11] currently allow courts to hold proceedings remotely, including evidentiary hearings and trials. (§ 367.75, subd. (d)(1); rule 3.672(a), (c)(5); see rule 5.9(a) [until January 1, 2027, rule 3.672 applies in family court cases in lieu of

---

[11] All subsequent statutory citations are to the Code of Civil Procedure, and all subsequent undesignated rules citations are to the Rules of Court. Section 367.75 will sunset on January 1, 2027. (§ 367.75, subd. (m).)

6

rule 5.9's rules for telephone appearances].) Both the statute and the rule allow courts to require in-person appearances. (§ 367.75, subd. (b)(3); rule 3.672(d)(1).) Rule 3.672(d)(3) also states, "If, at any time during a remote proceeding, the court determines that an in-person appearance is necessary, the court may continue the matter and require such an appearance." Alameda County Superior Court has established by local rule that evidentiary hearings and trials are held in person unless the court grants permission for a remote appearance. (Super Ct. Alameda County, Local Rules, rule 5.11(a)–(b) [hearings other than status and settlement conferences are conducted in person unless the court orders otherwise].)[12]

Tarek asserts that he complied with all procedural requirements and was ready to participate in trial but the trial court excluded him. This is inaccurate. The trial court denied Tarek's request to appear remotely. According to the applicable rules, Tarek was therefore obligated to appear at trial personally. (Rule 3.672(d)(1); Super Ct. Alameda County, Local Rules, rule 5.11(a)–(b).) As he failed to do so, he did not comply with the rules and the trial court did not exclude him.

We surmise from Tarek's brief that he believes the trial court was required by due process to allow him to appear remotely, despite his non-compliance with the rules, and the

---

[12] This rule was adopted effective July 1, 2023, and amended in certain respects not relevant here effective January 1, 2026. (Super Ct. Alameda County, Local Rules, rule 5.11.) For convenience we cite to the current version of the rule.

court's failure to do so constitutes structural error. He contends the issue is reviewed de novo.

Accepting for the sake of argument Tarek's proposed standard of review and his theory that a trial court's failure to allow a remote appearance can violate due process, we find the record fully supports the trial court's rulings. Only after the trial court ordered him on April 29 to personally appear at the next day of trial did Tarek submit his passport for renewal on May 4.[13] Despite the trial court's request for more information in its denial of Tarek's first request for a remote appearance, Tarek never identified the expiration date of his passport, even by declaration, so the record does not show that his passport's expiration was so imminent as to require immediate renewal. Moreover, even if his passport did require immediate renewal, the trial court made clear in its order denying Tarek's second request for a remote appearance that the court was prepared to continue the trial for a short period to allow Tarek to receive his new passport. This was consistent with rule 3.672. (Rule 3.672(d)(3) ["If, at any time during a remote proceeding, the court determines that an in-person appearance is necessary, the court may continue the

---

[13] The trial court entered its minutes on May 8, after Tarek submitted his passport renewal application. But the minutes reflect actions taken on April 29. Tarek has failed to provide a reporter's transcript or substitute to show what transpired in court on April 29, so we must assume the trial court's minutes are accurate. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' "].)

matter and require such an appearance."].)  Tarek does not mention this aspect of the trial court's order at all, much less explain why he did not ask for a continuance in the three weeks between the May 21 denial order and the June 12 second day of trial.  The allowance for a continuance eliminated any potential unfairness in the denial of Tarek's request for a remote appearance and satisfied due process.

Tarek next contends the judgment is voidable because it states he was present in court, even though the trial court's minutes from the June 12 day of trial show that he was not present.  Tarek contends this constitutes an extrinsic mistake.  Extrinsic mistake is "a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits.  [Citations.]  'Extrinsic mistake is found when [among other things] . . . a mistake led a court to do what it never intended.' "  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)

Accepting for the sake of argument that extrinsic mistake could justify reversal of a judgment on appeal, there was no extrinsic mistake here.  The trial court was under no misapprehensions about Tarek's appearance at the second day of trial, since the same judge that denied Tarek's request to appear remotely also signed the judgment.  The trial court fully intended to enter a judgment despite that non-appearance.  The recital on the form FL-180 judgment that Tarek was present in court is, at most, a simple error in the judgment, and most likely a clerical

9

error at that.[14]  (*Estate of Douglas* (2022) 83 Cal.App.5th 690, 695 [" ' "The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " ' "].)  Tarek fails to establish how any such error is prejudicial to him.  (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 ["we cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice"].)  "To establish prejudice, a party must show 'a reasonable probability that in the absence of the error, a result more favorable to [it] would have been reached.' " (*Diaz v. Carcamo* (2011) 51 Cal.4th 1148, 1161.)  Tarek does not explain how the judgment would be more favorable to him if the box noting his presence in court were not checked.

## DISPOSTION

The judgment is affirmed.

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
SWEET, J.*
*In re Marriage of Eletr*  (A174390)

---

[14] Arguably, it was not an error at all, since Tarek did appear at the first day of trial.  But we need not resolve this point due to Tarek's failure to demonstrate prejudice.

* Judge of the Superior Court of Marin County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.